IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOHNSON CLARK ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HORWICH ET AL., <br><br> Defendants.  / | No. C 12-00137 CRB <br><br> **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Pro se Plaintiff Peter Clark filed a 79-page Motion to Compel Arbitration that he did not notice and did not serve on the Defendants. See Mot. (dkt. 8). Twenty-four pages into the Motion, in a section identified as Plaintiff's Points & Authorities in Support of the Motion, Plaintiff requested a Temporary Restraining Order. See id. at 24. Plaintiff has now filed a separate Proposed Order granting his request for a Temporary Restraining Order. See Proposed Order (dkt. 30). That Proposed Order asks the Court to freeze all assets related to the Clark Assets, turn over documents, and ban Defendants from taking numerous actions in connection with numerous funds. Id.

The Court construes Plaintiff's filings as an Application for a Temporary Restraining Order and DENIES that Application because it does not meet the requirements for relief. See generally Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011).

1    In this Circuit "'serious questions going to the merits' and a balance of the hardships
2 that tips sharply towards the plaintiff can support issuance of [an] injunction, so long as the
3 plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in
4 the public interest." Alliance for the Wild Rockies, 632 F.3d at 1135.  Here, it is unclear
5 whether Plaintiff has raised serious questions going to the merits in his extensive assertions
6 against the myriad defendants.  The Court has some difficulty following the allegations in the
7 Motion to Compel and in the 134-page Complaint (dkt. 1), although Plaintiff appears to
8 contend that Defendants are "seiz[ing] and exploit[ing]" the Clark Family Enterprises, which
9 consists, or consisted, of a hundred million dollars generated by Plaintiff and his parents.
10 See id. ¶ 4.

11    Moreover, it appears that Plaintiff has not established irreparable injury.  Plaintiff
12 complains of two harms in a discussion entitled "Immediate Action Required to Prevent
13 Irreparable Harm."  See Mot. at 30.  First, he asserts that Defendants engaged in identity
14 fraud "to prevail in an unlawful detainer summary judgment to evict his ward," and second,
15 he asserts that Defendant Wendel Rosen Black & Dean, a law firm, is "actively engaged in
16 liquidating their client's assets as the final act of Wendel's bankruptcy fraud, racketeering,
17 and financial elder abuse."  Mot. at 29-30.  But the former has already taken place, and will
18 not be remedied by a Temporary Restraining Order.  And the latter, according to Plaintiff's
19 Motion, has been happening for the past ten years.  See id. at 30 ("Defendants seized these
20 assets by vigilante means in 2001-2002") and 31 ("The Wendel Parties have been raiding the
21 trust for the past ten years").  Delay in seeking injunctive relief can imply a lack of urgency
22 and irreparable harm, and weighs against the propriety of such relief.  Miller ex rel. NLRB v.
23 Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993); Lydo Enters. v. City of Las Vegas,
24 745 F.2d 1211, 1213 (9th Cir. 1984).

25    Accordingly, injunctive relief is not appropriate at this time.  Plaintiff's Application
26 for Temporary Restraining Order is DENIED.  If Plaintiff wishes to pursue injunctive relief,
27 and/or arbitration, he is directed to file and notice a motion in conformance with Civil Local
28

2

Rule 7-2, and to serve that motion on all of the Defendants in conformance with Civil Local Rules 5-5 and 5-6.

**IT IS SO ORDERED.**

Dated: March 5, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE